United States Courts
Southern District of Texas
FILED
JUL - 2 2009
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YAN HUANG CHAFFIN and ANGELA CHAFFIN, Individually, and on behalf of all others similarly situated | § | |
| Plaintiffs | § | CIVIL ACTION NO. H-09-2108 |
| VS. | § | |
| HUMANA INSURANCE COMPANY, and HUMANA, INC. | § | |
| Defendants. | § | |

**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW YAN HUANG CHAFFIN and ANGELA CHAFFIN, individually and on behalf of all others similarly situated, hereinafter referred to as Plaintiffs, complaining of HUMANA INSURANCE COMPANY and HUMANA, INC., hereinafter referred to as Defendants or jointly HUMANA, and for cause of action would respectfully show unto the Court and Jury as follows:

**The Parties**

1. Plaintiffs are residents of Houston, Harris County, Texas.

2. Defendant HUMANA INSURANCE COMPANY, is a foreign corporation conducting business in Texas and may be served with process by serving its Registered Agent CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

3. Defendant HUMANA, INC., is a foreign corporation conducting business in Texas and may be served with process by serving its Registered Agent, CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

**Jurisdiction and Venue**

4. Plaintiffs are the beneficiaries of HUMANA National Point of Service health insurance plans through an employer. Because Plaintiffs' plans are provided as employee benefits by a private employer, Plaintiffs' claims are brought under the Employee Retirement Insurance Security Act of 1974 ("ERISA").

5. Federal question jurisdiction applies due to the claims brought under ERISA. Venue is proper in this Court under 28 U.S.C. § 1391 and ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f) as Defendants conduct a substantial amount of business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Background**

6. HUMANA National Point of Service health insurance plans like those of Plaintiffs, allow participants to receive care outside the HUMANA network from doctors and other health care providers. HUMANA's maximum allowable fee for such a covered expense includes the lesser of several items including most importantly: "The fee established by us (HUMANA) by comparing rates for one or more regional or national databases or schedules for the same or similar services from a geographical area determined by us." The great bulk of HUMANA's out of network claims have, for years, been paid based upon databases that were and are inherently defective as set forth below with more particularity. Maximum allowable fee is HUMANA's version of what is widely known in the industry as paying the usual and customary rate (UCR) for services rendered.

7. The insurance industry's main source of usual and customary reimbursement rates is the Prevailing Healthcare Charges System (PHCS). The PHCS database was created in 1973 by the Health Insurance Association of America (HIAA) which was the industry's trade association at

the time. In 1998, HIAA sold the PHCS database to Ingenix, Inc. (Ingenix) which was the information technology unit of one of the nation's largest insurance companies, UnitedHealth. A year earlier, Ingenix purchased the Medical Data Resource (MDR) database which was the largest competitor to the PHCS database. Since 1998, Ingenix has continued to market PHCS and MDR as separate product lines, although the company appears to have consolidated the two databases in 2001. Since these acquisitions, the insurance industry, including HUMANA, has overwhelmingly relied on the Ingenix PHCS and MDR "data bench marking" products to estimate reimbursements for out-of-network charges.

8. Ingenix has an extensive history of close ties with the entire health insurance industry. While the industry has long represented that the "usual and customary" estimates of medical charges compiled by the Ingenix databases are "independent", Ingenix remains a subsidiary of one of the nation's largest insurance companies, UnitedHealth. Even the data in the Ingenix databases comes from various insurance companies. Insurers receive large discounts on the Ingenix database products by participating in their "Data Contribution Program." Ingenix would and continues to gather input data from insurance companies offering discounts on its service based on the volume of medical treatments submitted. Unfortunately, insurers that contributed data to Ingenix often "scrubbed" their data to remove high charges. Ingenix then used its own statistical "scrubbing" methods to remove valid high charges from the calculations. The results of these actions consistently skewed reimbursement rates downwards in a direction that allowed insurers like HUMANA to reduce their claims payments. These findings are described in more detail in the United States Senate, Committee on Commerce, Science, and Transportation, Office of Oversight and Investigations, Staff Report for Chairman Rockefeller, dated June 24, 2009, and titled "Underpayments to Consumers by

the Health Insurance Industry" ("The Report"). The system described herein has for years been utilized and continues to be utilized by HUMANA, as well as much of the entire insurance industry in basically the same manner since Ingenix bought the PHCS and MDR databases in the late 1990's through the present.

9. HUMANA utilizes Ingenix databases to determine out-of-network benefits for beneficiaries. HUMANA has for many years and to this date, knowingly uses inaccurate Ingenix data to determine the "maximum allowable fee" for covered out-of- network services. In so doing, they have systematically underpaid all claims for out-of-network services in the process, including those of Plaintiffs. HUMANA has done this knowingly and thereby violated their obligations under ERISA to properly pay claims, provide proper disclosures to plan participants and breached their fiduciary duties as described herein.

10. Plaintiffs challenge all of HUMANA's out-of-network reimbursement determinations as to them individually, and the Class of all similarly situated beneficiaries of employment based HUMANA National Point of Service health insurance plans that have been paid based on the Ingenix data systems.

**Class Action Allegations**

11. Plaintiffs brings this action on their own behalf and on behalf of a class of all persons in the United States of America who are, or were, at any time during the period within six years of the date this action was filed (the "Class Period"), beneficiaries of an employer based HUMANA National Point of Service health plans who received medical services from an out of network provider and for whom HUMANA paid using the Ingenix, Inc. databases. Humana failed to disclose required or accurate claims information; failed to provide the specific reasons for a denial or partial

payment of a benefit; and, failed to comply with the beneficiary's Summary Plan description and/or contract of insurance or for whom HUMANA breached their fiduciary obligations as a result of using the Ingenix databases (the "Class").

12. Plaintiffs bring claims for the following, both individually and on behalf of the Class. To recover benefits due under the plan, and to enforce and clarify rights under ERISA and the federal common law including under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiffs seek damages resulting from and to remedy HUMANA's failure to convey accurate information under ERISA § 102, 29 U.S.C. § 1022 to remedy HUMANA's failure to adequately disclose information regarding denial of benefits and to provide a full and fair review of the decisions denying claims under ERISA § 503, 29 U.S.C. § 1133, and to deal honestly and accurately with beneficiaries. Denial, as used herein, includes any instance when an out-of-network claim was presented and paid less than the full amount of the claim based upon data derived from Ingenix related data bases.

13. While the exact number is not known to Plaintiffs at this time, Plaintiffs believe that there are many thousands of Class members nationwide. Class members are so numerous that joinder of all members is impracticable. HUMANA is one of the largest health insurers in the United States of America insuring members nationwide. Thus, the numerosity requirement of FRCP 23 is easily satisfied for the class.

14. Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely individual members of the Class, including: whether HUMANA's conduct alleged herein constitutes a breach of fiduciary duty; whether HUMANA underpaid out-of-network claims; whether HUMANA failed to satisfy its disclosure obligations to subscribers and beneficiaries, including the duty to provide disclosure accurately, the basis for claim denials; whether

HUMANA failed to provide a full and fair review to beneficiaries whose out-of-network claims were denied in whole or in parts; whether Defendants failed to comply with reasonable claims procedures as set forth in federal claims procedure regulations implementing ERISA; and, whether HUMANA breached its fiduciary obligations to participants via the actions described herein.

15. The named Plaintiffs' claims are typical of the claims of the Class members because, as a result of the conduct alleged herein, HUMANA has breached its statutory and contractual obligations to Plaintiffs and the class through and by a uniform pattern or practice as described herein.

16. The named Plaintiffs will fairly and adequately protect the interests of the members of the Class, are committed to the vigorous prosecution of this action, have retained counsel competent and experienced in class litigation, and have no interests antagonistic to or in conflict with those of the Class. As such, the named Plaintiffs are adequate class representatives.

17. The prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for HUMANA.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the class is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for the Class members individually to redress the harm done to them. Given the uniform policy and practices at issue, there will also be no difficulty in the management of this action as a class action.

**Breach of Duty**

19. HUMANA breached their contractual obligations to Plaintiffs and the Class by using Ingenix databases which were known to utilize improperly gathered and processed data. The result was the underpayment of all out-of-network medical services wherein these data bases were utilized. Plaintiffs seek monetary damages and declaratory and injunctive relief to remedy these breaches individually and on behalf of the Class.

20. HUMANA functions as the plan administrator and as such, is an ERISA fiduciary who has to act with a duty of loyalty and care. HUMANA is required under ERISA to make various disclosures to members, including, for example, accurately setting forth plan terms, explaining the specific reasons why a claim is denied in whole or in part, explaining the basis for its interpretation of plan terms, providing data and documentation, according appeals a "full and fair" review, and the like. HUMANA has not met these ERISA requirements and thereby violated its fiduciary duty. HUMANA has breached its fiduciary duty of care owed to subscribers under ERISA § 404, 29 U.S.C. § 1104. HUMANA has also violated its duty of loyalty owed to subscribers under ERISA § 406, 29 U.S.C.§ 1106.

21. The federal common law of trusts, applicable to ERISA fiduciaries, further requires that fiduciaries must deal honestly with subscribers, and adhere to certain specific fiduciary standards in their dealings which HUMANA did not satisfy by its actions described herein.

22. In failing to accurately describe their reimbursement practices, HUMANA violated ERISA's requirements regarding Summary Plan Descriptions.

23. Plaintiffs and the Class have been proximately harmed by HUMANA's failure to properly pay out-of-network claims using the Ingenix database as described herein. Plaintiffs and

the class have further been proximately harmed by HUMANA's breach of fiduciary duties, failure to comply with ERISA and federal claims procedure regulations, failure to provide adequate disclosures, and by failure to comply with the federal common law. In addition, Plaintiffs and the Class have been harmed by HUMANA's failure to comply with ERISA § 503, 29 U.S.C. § 1133, with ERISA § 102, 29 U.S.C. § 1022 and with ERISA § 104(b)4, 29 U.S.C. § 1024(b)4. Plaintiffs and the Class are also entitled to injunctive and declaratory relief to remedy HUMANA's continuing violation of these provisions and duties.

**Jury Demand**

24. Plaintiffs respectfully request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and the Class pray for all amounts due for the conduct described herein including specifically:

a. Damages proximately caused by the improper processing and payment of out-of network services;

b. Damages proximately caused by breach of fiduciary obligations per ERISA;

c. Damages proximately caused by the failure to provide a full and fair review of out-of-network claims;

d. Damages proximately caused by failing to provide proper disclosures as described herein;

e. Awarding injunctive and declaratory relief to ensure enforcement of plan terms and to clarify future entitlement to benefits;

f. Awarding Plaintiffs and the Class the costs and disbursements of this action, including reasonable attorney fees, costs and reimbursement of expenses including expert fees;

g. Awarding prejudgment interest; and,

h. Granting such other and further relief as is just and proper.

Respectfully submitted,

CHAFFIN & STILES

Robert A. Chaffin
Texas Bar No. 04057500
David (Trey) M. Stiles III
Texas Bar No. 00788473
4265 San Felipe, Ste. 1020
Houston, Texas 77027
(713) 528-1000
(713) 952-5972/Fax
Attorneys for Plaintiffs